| **Reydman v Southwest Brooklyn Health Home LLC** |
|:---:|
| 2025 NY Slip Op 32273(U) |
| June 26, 2025 |
| Supreme Court, Kings County |
| Docket Number: Index No. 500551/2024 |
| Judge: Anne J. Swern |
| Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service. |
| This opinion is uncorrected and not selected for official publication. |

At an IAS Trial Term, Part 75 of
the Supreme Court of the State of
New York, Kings County, at the
Courthouse located at 360 Adams
Street, Brooklyn, New York on
the 26th day of June 2025.

P R E S E N T: HON. ANNE J. SWERN, J.S.C.

ANNA REYDMAN,
*on behalf of herself and others similarly situated,*

Plaintiff,

-against-

SOUTHWEST BROOKLYN HEALTH HOME
LLC, and MAIMONIDES MEDICAL CENTER,

*Defendants.*

**DECISION ORDER**

Index No.:      500551/2024

Calendar No.: 40

Motion Seq.:   003

*Recitation of the following papers as required by CPLR 2219(a):*

**Papers
Numbered**

Notice of Motion, Plaintiff's Affirmation,
Memorandum of Law and Exhibits (NYSCEF 64-81)...........................................1, 2

Memorandum of Law (NYSCEF 51-54,[1] 86)..............................................................3

Reply Memorandum of Law (NYSCEF 87)................................................................4

*Upon the foregoing papers and after oral argument, the decision and order of the Court*

*is as follows:*

Plaintiff has commenced this action against defendants alleging violations of 1) New

York Labor Law (NYLL) §191 for failure to pay wages timely; 2) Fair Labor Standards Act

(FLSA) for failure to pay overtime; 3) 12 NYCRR § 142.22 for failure to pay overtime;

4) NYLL § 195 [3] for failure to furnish wage statements; 5) FLSA for retaliation; and 6) NYLL

§ 215 [1] [A] for retaliation.

---

[1] In the Memorandum of Law, plaintiff incorporates by reference the affidavit and exhibits that were submitted in opposition to defendant's prior motion for summary judgment that was denied with leave to renew (MS 002).

Defendant Southwest Brooklyn Health Home (Southwest) has now moved for summary judgment dismissing the complaint as plaintiff is not and never was an employee of Southwest. In support of the motion, Southwest has submitted, *inter alia,* the affidavit of its Executive Director Magdalena Gordon (Gordon). Plaintiff has submitted her affidavit, together with a copy of the incident report on Southwest Brooklyn Health Home LLC doing business as Brooklyn Health Home's (Southwest) letterhead that was allegedly the basis for terminating plaintiff's employment with Maimonides. Plaintiff states in her affidavit that Maimonides Medical Center (Maimonides) and Southwest jointly did business as Brooklyn Health Home. Therefore, she was a "joint employee" of both defendants (NYSCEF 52:¶4) and jointly terminated her employment in violation of federal and state law. In Gordon's affidavit, she states that Southwest Brooklyn Health Home LLC is doing business as Brooklyn Health Home (NYSCEF 9:¶1).

### Factual Background

Plaintiff was hired as an employee of Maimonides as a Care Manager (NYSCEF 52:¶3, 68, 70, 72). Southwest coordinates medical and behavioral healthcare services for Medicaid patients. The Southwest program was established and built on the "foundation of a successful program developed at Maimonides [ ] along with many community-based organizations with funding provided by New York State." (NYSCEF 65:¶2). Southwest does not have any employees, including plaintiff, only Executive Director Gordon who supervises the Board of Governors. Gordon does not receive a salary or compensation from Southwest but is responsible for the day-to-day administrative operations for Southwest. (*id.*:¶¶6-7). Gordon is employed as an Assistant Vice President of Complex Care and Population Health overseeing the Maimonides' Care Management Department (*id.*:¶13).

Southwest and Maimonides used separate case management systems that plaintiff had access to during her employment. Plaintiff did not enter the care plans in Southwest' system but accessed it to see 1) when patients were admitted or discharged from Maimonides, 2) the patient care providers' open appointments to schedule the patients' care and assessments, 3) care coordination documents, and 4) patient consents and other documents related to her work (NYSCEF 52:¶¶6-9). Her supervisors were Jesse Irizarry, Gordon and Amy Ortiz who were paid by Maimonides. These individuals supervised her on behalf of both defendants and communicated with her on Brooklyn Health Home letterhead. (id.:¶¶17-20). During her employment, plaintiff believed that Southwest d/b/a Brooklyn Health Home was the employer for her and the supervisors (see generally NYSCEF 52).

### Law and Analysis

a) **Summary Judgment**

Summary judgment may be granted only when no triable issue of fact exists (*Alvarez v Prospect Hospital*, 68 NY2d 320 [1986]). "A party moving for summary judgment must make a *prima facie* showing of entitlement to judgment as a matter of law, producing sufficient evidence to demonstrate the absence of any material issue of fact. However, a failure to demonstrate a *prima facie* entitlement to summary judgment motion, requires a denial of the motion regardless of the adequacy of the opposing papers." (*Ayotte v Gervasio*, 81 NY2d 1062, 1063 [1993], *citing Alvarez v Prospect Hospital*, 68 NY2d 324). "Once this showing has been made, the burden shifts to the nonmoving party to produce evidentiary proof in admissible form sufficient to establish the existence of material issues of fact that require a trial for resolution" (*Giuffrida v Citibank*, 100 NY2d 72, 81 [2003] and *Alvarez v. Prospect Hospital*, 68 NY2d 324).

[* 3]

The Court's only role upon a motion for summary judgment is to identify the existence of triable issues, and not to determine the merits of any such issues (*Vega v Restani Construction Corp.*, 18 NY3d 499, 505 [2012]) or the credibility of the movant's version of events (see *Xiang Fu He v Troon Management, Inc.*, 34 NY3d 167, 175 [2019] [internal citations omitted]). The Court must view the evidence in the light most favorable to the nonmoving party, affording them the benefit of all reasonable inferences that can be drawn from the evidence (*see Negri v Shop & Stop, Inc.*, 65 NY2d 625, 626 [1985]). The motion should be denied where the facts are in dispute, where different inferences may be drawn from the evidence, or where the credibility of the witnesses is in question (*see Cameron v City of Long Beach*, 297 AD2d 773, 774 [2d Dept. 2002]).

### b) Analysis

Southwest's motion for summary judgment is denied with leave to renew after the completion of discovery. While Southwest established a *prima facie* entitlement to judgment as a matter of law, plaintiff submitted evidence in admissible form sufficient to establish the existence of material issues of fact (*Giuffrida v Citibank*, 100 NY2d 81 and *Alvarez v. Prospect Hospital*, 68 NY2d 324). The affidavits, together with Brooklyn Health Home's incident report concerning plaintiff's alleged misconduct, and Gordon's dual role with defendants, create an issue of fact whether Southwest was plaintiff's joint employer and, therefore, may be jointly liable in damages (*Ling Nan Zheng v Liberty Apparel Co.*, 355 F.3d 61 [2d Cir. 2003], *citing Rutherford Food Corp. v McComb*, 331 US 722 [1947]).

Southwest failed to address the incident report in a reply affidavit by Gordon. Also, Southwest was in possession of plaintiff's affidavit when re-filing this motion. It had two opportunities to address the issue of Maimonides employees writing-up other Maimonides co-

workers on Brooklyn Health Home letterhead. This report raises the inference that Brooklyn Health Home had control over Maimonides employees or was involved in their hiring or firing (*Cameron v City of Long Beach*, 297 AD2d 774; *Ling Nan Zheng v Liberty Apparel Co., supra*). Any conflict between plaintiff's complaint, amended complaint, affidavit and administrative complaints with the National Labor Relations Board, Plaintiff's Union, U.S. Equal Employment Opportunity Commission and New York State Division of Human Rights concerning whether she credibly believed she was jointly employed by defendants is a question of credibility (*see Hine v. Jafa Transportation, Inc.*, 97 AD3d 794, 795 [2d Dept. 2012]). Without discovery, the motion must be denied.

The Court has considered the Southwest's remaining arguments and finds same to be without merit. Maimonides did not oppose this motion.

Accordingly, it is hereby

ORDERED that defendant SOUTHWEST BROOKLYN HEALTH HOME LLC's motion for an order of summary judgment pursuant to CPLR § 3212 dismissing the complaint against it is denied with leave to renew after the completion of discovery.

This constitutes the decision and order of the Court.

ENTER:

Hon. Anne J. Swern, J.S.C.
Dated: 6/26/2025

For Clerks use only:

MG _____

MD _____

Motion seq. # _____